972 F.2d 1341
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Larry Christopher OLIN, Petitioner-Appellant,
v.
Eddie YLST, Warden, Respondent-Appellee.
 No. 91-56065.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 21, 1992.*
Decided Aug. 25, 1992.
 
 1
 Before TANG and CYNTHIA HOLCOMB HALL, Circuit Judges, and SHUBB, District Judge.**
 
 
 2
 MEMORANDUM***
 
 
 3
 Larry Christopher Olin appeals the district court's dismissal of his petition for a writ of habeas corpus. We affirm.
 
 
 4
 Olin argues that he was denied effective assistance of counsel at his state trial on several grounds. First, Olin argues that his attorney's failure to investigate victim Konins's capacity to identify Olin as Konins's assailant constituted ineffective assistance of counsel. The record before us shows neither any evidence of a failure to investigate nor any prejudice to Olin. See Strickland v. Washington, 466 U.S. 668, 690-91 (1984) (ineffectiveness claim requires showing of unreasonable professional judgment and prejudice therefrom). On cross-examination, Konins admitted that he did not recall whether he was wearing his prescription eyeglasses at the time he saw his attacker. RT 160; see also RT 144-56 (cross-examination of Konins attacking other aspects of his perception at the time of the attack). In closing argument, defense counsel vigorously attacked the accuracy of Konins's description of his assailant. RT 368-73. We see no evidence of ineffective assistance of counsel.[1]
 
 
 5
 Olin next argues that his counsel was ineffective because his lawyer failed to make a motion for acquittal based upon a fingerprint found on a brass clock. The police found the clock on the living room floor. RT 193. Konins told the police that the clock had been in the apartment's unoccupied bedroom. RT 210. There was one identifiable print on the clock, which an officer testified did not belong to Konins, Olin, or Linda Fernandez, the only three people in Konins's apartment on that night. RT 194. Olin argues that this fingerprint necessarily belonged to Konins's attacker and therefore proves Olin's innocence. Thus, Olin argues that his lawyer was ineffective by failing to make a motion for acquittal based upon this theory.
 
 
 6
 Olin's argument is based upon a flawed factual premise. The fingerprint did not necessarily belong to Konins's attacker. Fingerprints, if left undisturbed, can remain on objects indefinitely. RT 198. Konins testified that his father would spend an average of two nights a month at Konins's apartment. RT 45, 52. The fingerprint could just as easily have belonged to Konins's father or any other visitor to the apartment as to Konins's assailant. Moreover, an impression from some type of cloth or fabric, such as a sock, was also found on the clock. RT 198; 217-18. The assailant could thus have moved the clock without leaving his own fingerprint behind. Because this evidence does not prove that someone other than Olin was Konins's assailant, the district court correctly held that Olin's lawyer had not acted unreasonably by failing to bring a motion for acquittal based upon this theory.
 
 
 7
 Finally, Olin argues that he received ineffective assistance of counsel because his lawyer advised him to admit that he had suffered a serious felony conviction in the past. The record shows Olin knowingly and voluntarily waived his right to contest this allegation. RT 2-9. Olin understood that admitting the allegation would subject him to five additional years of imprisonment if he was convicted of the crime for which he was to be tried. RT 3. He testified that he was not induced to make the admission by any promises. RT 6. Moreover, Olin does not argue that the allegation was untrue and we can therefore see no prejudice to him on this record. Like the district court, we see no evidence that Olin suffered ineffective assistance of counsel nor that he suffered any prejudice therefrom.
 
 
 8
 AFFIRMED.
 
 
 
 *
 This panel unanimously agrees that this case is appropriate for submission without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 Honorable William B. Shubb, United States District Judge for the Eastern District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 For the first time on appeal, Olin asserts that the photographic line-up by which Konins identified him was unduly suggestive. Olin did not raise this claim in his petition for habeas corpus and did not lay a factual basis for this claim below. We decline to reach this issue